JEREMY W. FAITH, SBN 190647
NINA Z. JAVAN (SBN 271392)
**MARGULIES FAITH LLP**
16030 Ventura Blvd., Ste. 470
Encino, CA 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777
Email: Jeremy@MarguliesFaithLaw.com
Email: Nina@MarguliesFaithLaw.com

Attorneys for Howard B. Grobstein,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**RIVERSIDE DIVISION**

| | |
|---|---|
| In re<br><br>PEDRO SALCIDO,<br><br>                Debtor. | Case No. 6:14-bk-19098-WJ<br><br>Chapter 7<br><br>**OBJECTION TO DEBTOR'S EXEMPTIONS UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTIONS 704.730 AND 706.051**<br><br><u>Hearing</u>:<br>Date: June 23, 2015<br>Time: 1:00 p.m.<br>Place: Courtroom 304<br>       United States Bankruptcy Court<br>       3420 Twelfth Street<br>       Riverside, CA 92501-3819 |

**TO THE HONORABLE WAYNE JOHNSON, UNITED STATES BANKRUPTCY JUDGE; THE DEBTOR; HIS COUNSEL OF RECORD; AND ALL INTERESTED PARTIES:**

Howard B. Grobstein, the Chapter 7 trustee (the "<u>Trustee</u>") for the bankruptcy estate (the "<u>Salcido Estate</u>") of Debtor Pedro Salcido ("<u>Salcido</u>") in the Chapter 7 bankruptcy case pending before the Central District of California, Riverside Division as <u>In re Pedro Salcido</u>, Case Number 6:14-bk-19098-WJ (the "<u>Salcido Bankruptcy Case</u>"), respectfully submits this "Objection to Debtor's Exemptions Under California Code of Civil Procedure Section 704.030 and 706.051" (the "<u>Objection to Exemptions</u>"). For the

reasons set forth below, the Trustee requests that (1) Salcido's homestead exemption under California Code of Civil Procedure ("Cal. C.C.P.") § 704.730, as amended on March 6, 2015 (Dkt. No. 47) (the "<u>Amended Salcido Lehigh Exemption</u>"), be disallowed in the amount requested and limited to only $50,000.00 or, in the alternative, that Salcido be permitted to assert no more than a $50,000.00 exemption in the sale proceeds of any sale of the real property located at 650 Lehigh Drive, Claremont, California 91711 (the "<u>Lehigh Property</u>"); and (2) Salcido's exemption, under Cal. C.C.P. § 706.051 (the "<u>Amended Salcido Funds Exemption</u>"), of the $1,900.00 in funds in his checking and savings accounts (the "<u>Funds</u>") be disallowed in its entirety.

**I.**

**FACTUAL BACKGROUND**

1. Howard B. Grobstein is the duly-appointed Chapter 7 Trustee for the Salcido Estate. Declaration of Nina Z. Javan In Support of Objection to Debtor's Exemptions Under California Code of Civil Procedure Sections 704.730 and 706.051 (the "<u>Javan Decl</u>") ¶ 4.

2. On or about July 15, 2014, Salcido filed a voluntary Chapter 7 bankruptcy petition with the United States Bankruptcy Court for the Central District of California, Riverside Division, initiating the Salcido Bankruptcy Case. Javan Decl. ¶ 5.

3. During the Trustee's investigation into the assets of the Salcido Estate, he discovered that, among the assets of the Salcido Estate is the Lehigh Property, which he has determined may have realizable equity available to the Salcido Estate. Javan Decl. ¶ 6.

4. Salcido's Schedules "A", "D", and "H", filed on July 15, 2014 as Docket Number 1 in the Salcido Bankruptcy Case, list the Lehigh Property as being jointly owned, and identify Banuelos as the co-obligor on the debt secured by the Lehigh Property. Javan Decl. ¶ 7.

5. In Salcido's original Schedule "C", filed on July 15, 2014 as Docket Number 1 in the Salcido Bankruptcy Case, Salcido claimed a $20,000.00 exemption in the Lehigh

1  Property under Cal. C.C.P. § 703.140(b)(5) (the "Original Salcido Lehigh Exemption").

2  Salcido's original Schedule "C" also exempted the Funds under Cal. C.C.P. §

3  703.140(b)(5) (the "Original Salcido Funds Exemption").  Javan Decl. ¶ 8.

4        6.  On or about October 14, 2014, Banuelos filed a Chapter 13 bankruptcy

5  petition with the United States District Court, Central District of California, Los Angeles

6  Division, initiating the Chapter 13 bankruptcy case identified as In re Kathy Banuelos,

7  Case Number 2:14-bk-29414-NB (the "Banuelos Bankruptcy Case").  Javan Decl. ¶ 9.

8        7.  Banuelos' Schedules "A", "D", and "H", filed on October 14, 2014 as Docket

9  Number 1 in the Banuelos Bankruptcy Case, list the Lehigh Property as being jointly

10 owned, state that Banuelos has a 50% interest in the Lehigh Property, and identify Salcido

11 as the co-obligor on the debt which is secured by the Lehigh Property.  Javan Decl. ¶ 10.

12       8.  In Banuelos' original Schedule "C", filed on October 14, 2014 as Docket

13 Number 1 in the Banuelos Bankruptcy Case, Banuelos asserted a $72,176.15 exemption

14 in the Lehigh Property under Cal. C.C.P. § 704.730 (the "Original Banuelos Exemption").

15 Javan Decl. ¶ 11.

16       9.  On or about March 6, 2015, Banuelos amended her Schedule C to assert a

17 $100,000.00 exemption under Cal. C.C.P. § 704.730 the "Amended Banuelos Lehigh

18 Exemption").  Javan Decl. ¶ 12.

19       10.  Also on or about March 6, 2015, Salcido amended his Schedule C to assert

20 a $100,000.00 exemption in the Lehigh Property under Cal. C.C.P. § 704.730 (*i.e.*, the

21 Amended Salcido Lehigh Exemption), and to assert a $1,900.00 exemption in the Funds

22 under Cal. C.C.P. § 706.051 (*i.e.*, the Amended Salcido Funds Exemption).  Javan Decl.

23 ¶ 13.

24       11.  The Trustee has been advised by Salcido that Banuelos is Salcido's

25 estranged wife.  Javan Decl. ¶ 14.  Banuelos has also identified Salcido as her spouse in

26 various filings in the Banuelos Bankruptcy Case.  Id.

27 ///

28                                **II.**

# **LEGAL ANALYSIS**

**1. The Amended Salcido Lehigh Exemption Should Disallowed In The Amount Claimed**

Section 522 of Title 11 of the United States Code (the "Bankruptcy Code") permits a debtor to exempt from property of the estate certain property in specified amounts. 11 U.S.C. § 522(b)(1). Although the Bankruptcy Code provides a list of property which may be exempted and the amounts in which such property may be exempted, it also permits states to opt out of this federal exemption scheme and mandate that a state-specific scheme must be used. 11 U.S.C. § 522(b)(2), (3)(A) & (d). California has opted out of the federal exemption scheme in favor of its own schemes, colloquially referred to as the "homestead" exemption scheme (Cal. C.C.P. § 704.730) and the "wildcard" exemption scheme (Cal. C.C.P. § 703.140). See Cal. C.C.P. § 703.130 (disallowing the federal scheme).

Under Cal. C.C.P. § 704.730, the amount of a "homestead" exemption for a married judgment debtor is $100,000.00. Cal. C.C.P. § 704.730(a)(2). Although both spouses may be entitled to assert the homestead exemption as to a particular parcel of property, this does not increase the maximum amount of exemption beyond the $100,000.00, and the spouses are not entitled to "double down" on the homestead exemption. In other words, the "two spouses together are entitled to one exemption limited to the specified maximum dollar amount." Cal. C.C.P. § 703.110(a) (emphasis added); see also In re Talmadge, 822 F.2d 1120 (9th Cir. 1987) (married joint debtor limited to a single set of exemptions pursuant to Cal. C.C.P. § 704.110); In re Rabin, 359 B.R. 242 (B.A.P. 9th Cir. 2007) (registered domestic partners filing separately were limited to a single set of exemptions pursuant to Cal. C.C.P. § 704.110 and based on California Domestic Partner Rights and Responsibilities Act, which equalized, for purposes of debtor/creditor relations, the status of registered domestic partners and married couples). As Salcido and Banuelos are married, the maximum homestead exemption which may be claimed is $100,000.00.[1] However, they are not each able to assert the homestead exemption in this maximum amount to arrive at a total

---

[1] There is nothing that indicates that either is disabled or 65 or older.

$200,000.00 between the two of them. Accordingly, the Amended Salcido Lehigh Exemption which, when coupled with the Amended Banuelos Lehigh Exemption, asserts a total $200,000.00 exemption in the Lehigh Property between the two bankruptcy estates, should be disallowed in the amount claimed.

Of the single exemption available to Salcido and Banuelos, Cal. C.C.P. § 704.730 provides that the amount of the exemption must be apportioned between the two spouses according to their respective interests. Cal. C.C.P. § 704.730(b) ("if both spouses are entitled to a homestead exemption, the exemption proceeds of the homestead shall be apportioned between the two spouses on the basis of their proportionate interests in the homestead"); see also Rabin, supra; In re McFall, 112 B.R. 336, 338 (B.A.P. 9th Cir. 1990) (discussing fact that Cal. C.C.P. § 704.730(b) requires apportionment if both spouses are entitled to the exemption); but see Texaco, Inc. v. Bartlett (In re Bartlett), 24 B.R. 605 (B.A.P. 9th Cir. 1982) (stating that the entire amount of the exemption "floats" between husband and wife holding property as joint tenants until sale of the homestead).[2] Thus, because Salcido and Banuelos each have a fifty percent (50%) interest in the Lehigh Property, they are each only entitled to a $50,000.00 homestead exemption, and the Amended Salcido Lehigh Exemption should be disallowed to the extent it asserts more than this $50,000.00 amount.[3]

### 2. Salcido Cannot Exempt the Funds Under Cal. C.C.P. § 706.051

Salcido had previously exempted the Funds using his remaining wildcard exemption amounts. However, when he amended his exemptions to take a $100,000.00 homestead exemption in the Lehigh Property, the wildcard exemption scheme was no longer available to him, and he attempted to exempt the Funds under Cal. C.C.P. § 706.051. Cal. C.C.P. § 706.051, which falls under the "Wage Garnishment" chapter of Part 2, Title 9, Division 2 of

---

[2] The Bartlett case does not derail the Trustee's argument but rather merely makes the issue of the amount of the exemptions one of timing. Either way, Banuelos and Salcido are not entitled to exempt more than $50,000.00 from their estate's share of the proceeds of the sale of the Lehigh Property.

[3] Simultaneous with the filing of the instant Objection to Exemptions, the Trustee is filing a similar objection in the Banuelos Bankruptcy Case to request that the Amended Banuelos Lehigh Exemption be disallowed to the extent that it asserts a homestead exemption of more than $50,000.00

4

the Cal. C.C.P., states that "the portion of the judgment debtor's earning's that the judgment debtor proves is necessary for the support of the judgment debtor or the judgment debtor's family . . . is exempt from levy <u>under this chapter</u>." Cal. C.C.P. § 706.051(b) (emphasis added). As indicted by the language of the statute itself, the § 706.051 exemption is limited to use as a shield against collection activities proceeding under that particular chapter only, which deals with wage garnishment. Further, this particular statute has specifically been found to be inapplicable for use as a shield against anything but earnings withholding orders. <u>See</u> <u>Franco v. Gennaco</u>, 2015 WL 1383525, *3-4 (C.D. Cal. 2015) (noting the distinction between levying on paid earnings already in an account, and wage garnishment, which reaches future earnings; noting also the court's inability to enlarge California's statutory exemptions). Accordingly, as Cal C.C.P. § 706.051 is inapplicable to the instant set of facts, the Amended Salcido Funds Exemption should be denied in its entirety.

## III.

## CONCLUSION

Based on the foregoing, the Trustee respectfully requests the Court:

(1) Enter an Order disallowing the Amended Salcido Lehigh Exemption to the extent that it exceeds $50,000.00 or, in the alternative, limiting Salcido's right to exempt proceeds from sale of the Lehigh Property to $50,000.00;

(2) Enter an Order disallowing the Amended Salcido Funds Exemption in its entirety; and

(3) Grant such other and further relief as this Court deems just and proper.

Dated: April 3, 2015    **MARGULIES FAITH, LLP**

By: */s/ Nina Z. Javan*
    Jeremy W. Faith
    Nina Z. Javan
    Counsel for Howard B. Grobstein,
    Chapter 7 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **OBJECTION TO DEBTOR'S EXEMPTIONS UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTIONS 704.730 AND 706.051** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 3, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

ATTORNEY FOR DEBTOR: Omero Banuelos    omero.banuelos@rimonlaw.com
ATTORNEY FOR CHAPTER 7 TRUSTEE: Jeremy Faith    Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Noreen@MarguliesFaithlaw.com
ATTORNEY FOR DEFENDANT KATHY BANUELOS: Ramiro Flores Munoz    ramiro@rfmesq.com
CHAPTER 7 TRUSTEE: Howard B Grobstein (TR)    hbgtrustee@gtfas.com, C135@ecfcbis.com
ATTORNEY FOR CHAPTER 7 TRUSTEE: Nina Z Javan    nina@marguliesfaithlaw.com, Helen@MarguliesFaithlaw.com;victoria@marguliesfaithlaw.com
ATTORNEY FOR CREDITOR CAM VII TRUST: Joshua L Scheer    jscheer@scheerlawgroup.com
OUST: United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
ATTORNEY FOR CREDITOR CAM VII TRUST: Reilly D Wilkinson    rwilkinson@scheerlawgroup.com


2. **SERVED BY UNITED STATES MAIL**:
On April 3, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

CHAMBERS COPY: Honorable Wayne Johnson, U.S. Bankruptcy Court, 3420 Twelfth Street, Suite 384, Riverside, CA 92501-3819

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 3, 2015 | Victoria Castrellon | /s/Victoria Castrellon |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**